**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| SUSAN LIEBERT; ANNA HAAS; ANNA POI; and ANASTASIA FERIN KNIGHT,<br><br>            Plaintiffs,<br><br>   v.<br><br>WISCONSIN ELECTIONS COMMISSION; DON M. MILLIS, ROBERT F. SPINDELL, MARGE BOSTELMANN, ANN S. JACOBS, MARK L. THOMSEN, and JOSEPH J. CZARNEZKI, in their official capacities as commissioners of the Wisconsin Elections Commission; MEAGAN WOLFE, in her official capacity as administrator of the Wisconsin Elections Commission; MICHELLE LUEDTKE, in her official capacity as city clerk for the City of Brookfield; MARIBETH WITZEL-BEHL, in her official capacity as city clerk for the City of Madison; and LORENA RAE STOTTLER, in her official capacity as city clerk for the City of Janesville,<br><br>            Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs SUSAN LIEBERT; ANNA HAAS; ANNA POI; and ANASTASIA FERIN KNIGHT, by and through their undersigned counsel, file this Complaint for Declaratory and Injunctive Relief against Defendants WISCONSIN ELECTIONS COMMISSION ("WEC"); DON M. MILLIS, ROBERT F. SPINDELL, MARGE BOSTELMANN, ANN S. JACOBS, MARK L. THOMSEN, and JOSEPH J. CZARNEZKI, in their official capacities as commissioners of the Wisconsin Elections Commission (collectively, "the Commissioners"); MEAGAN WOLFE, in her official capacity as administrator of the Wisconsin Elections Commission ("the

Administrator"); MICHELLE LUEDTKE, in her official capacity as city clerk for the City of Brookfield ("the Brookfield Clerk"); MARIBETH WITZEL-BEHL, in her official capacity as city clerk for the City of Madison ("the Madison Clerk"); and LORENA RAE STOTTLER, in her official capacity as city clerk for the City of Janesville ("the Janesville Clerk"), and allege as follows:

## NATURE OF THE ACTION

1.      When Congress enacted the Voting Rights Act in 1965, it took aim "at the subtle, as well as the obvious," discriminatory state voting regulations. *Allen v. State Bd. of Elections*, 393 U.S. 544, 565 (1969). One especially pernicious practice adopted by southern states after the Civil War required any would-be voter to produce a "supporting witness" willing to "affirm that he is acquainted with the applicant, knows that the applicant is a bona fide resident of the county, and is aware of no reason why the applicant would be disqualified from registering," *United States v. Logue*, 344 F.2d 290, 291 (5th Cir. 1965) (*per curiam*)—that is, to "vouch" for the aspiring voter's qualifications.

2.      Because only someone who was "already a registered voter in the county" could serve as a supporting witness, this rule empowered registered White voters to prevent otherwise qualified Black neighbors from accessing the franchise by refusing to vouch for their eligibility. *Id.* In response, Congress forbade select jurisdictions from conditioning *any* person's voting rights on the "voucher" of qualifications by "registered voters or members of any other class." Voting Rights Act of 1965, Pub. L. No. 81-110, § 4(c), 79 Stat. 437, 438–39 (1965).

3.       In 1970, Congress extended this prohibition nationwide. Voting Rights Act Amendments of 1970, Pub. L. No. 91-285, § 6, 84 Stat. 314, 315 (1970). And in 1975, Congress

made the prohibition permanent. Voting Rights Act Amendments of 1975, Pub. L. No. 94-73, § 102, 89 Stat. 400, 400 (1975).

4.      Today, federal law prohibits *any* state-law "requirement that a person as a prerequisite for voting or registration for voting . . . prove his qualifications by the voucher of registered voters or members of any other class." 52 U.S.C. § 10501. This is true regardless of state, and even when the jurisdiction has no history of employing voucher requirements to disenfranchise Black or other minority voters. Put simply, Congress has determined that *no* U.S. citizen should be subjected to a voucher requirement in any circumstances.

5.      This case concerns a Wisconsin law that violates the Voting Rights Act's categorical prohibition on voucher requirements: Wisconsin's requirement that a witness vouch for the qualifications of an absentee voter ("the Witness Requirement").

6.      Generally, Wisconsin requires a voter to procure the assistance of an adult U.S. citizen witness to cast a valid absentee ballot. *See* Wis. Stat. § 6.87. The witness must observe that the ballot is unmarked and observe the voter mark it and seal it in the ballot envelope. Wis. Stat. § 6.87(2), (4)(b)(1). No one else may be present when the voter marks the ballot. Both the voter and the witness must then execute attestations. The voter must attest, among other things, that they are "entitled to vote," that they "exhibited the enclosed ballot unmarked to the witness" and that they then, in the witness's "presence and in the presence of no other person," marked the ballot and sealed the ballot envelope. *Id*. The witness, in turn, must attest that "the above statements"— those made by the voter in the voter attestation—"are true." In other words, the witness must attest to the voter's *qualification to vote*—precisely the sort of voucher the Voting Rights Act prohibits.

7.      Plaintiffs in this action, Wisconsin absentee voters, seek to vindicate their right under the Voting Rights Act not to be subjected to an illegal restriction on the franchise. And they

seek declaratory and injunctive relief from Wisconsin's unlawful absentee ballot voucher requirement.

## JURISDICTION AND VENUE

8.     Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the Constitution and laws of the United States.

9.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343, because the matters in controversy arise under the Constitution and laws of the United States and involve the assertion of a deprivation, under color of state law, of a right under the Constitution and laws of the United States.

10.     This Court has the authority to enter declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to enter injunctive relief pursuant to Federal Rule of Civil Procedure 65.

11.     This Court has personal jurisdiction over the Defendants, who are sued in their official capacities and reside within this State.

12.     Venue is proper in the United States District Court for the Western District of Wisconsin because a substantial part of the events that give rise to Plaintiffs' claims have occurred and will occur in this District, 28 U.S.C. § 1391(b)(2), and because several Defendants, who are sued in their official capacities, reside in and have their offices in this district, *id.* § 1391(b)(1).

## PARTIES

13.     Plaintiff SUSAN LIEBERT is a qualified Wisconsin voter currently registered in the City of Janesville, in Rock County. Ms. Liebert is a senior citizen with significant health problems and disabilities. She is nonetheless very committed to democratic participation, and

strives to vote in every election, whether federal, state, or local. Ms. Liebert currently qualifies as a permanent absentee voter and so automatically receives an absentee ballot for each election. She has voted by absentee ballot more than twenty times since 2014, and most recently voted by absentee ballot in the fall 2022 primary and general elections and the spring 2023 primary and general elections. The Witness Requirement burdens Ms. Liebert's exercise of her right to vote. Ms. Liebert lives alone, and because of her age, health, and disabilities, she is largely confined in her home. These circumstances make it quite difficult for her to procure the assistance of a witness for any election—she generally must arrange for someone to visit her at home to serve as a witness. Her difficulties were compounded during the height of the COVID-19 pandemic, when her preexisting health concerns coupled with the risk of deadly infection led her to rely on her son to serve as her witness. Ms. Liebert continues to be very concerned about the health risks associated with meeting with a nonfamily witness, but her son has since moved from Janesville to Waukesha County. Ms. Liebert thus faces a stark choice: she can tolerate the health risks associated with inviting a nonfamily witness into her home; she can ask her son to make the hour-plus trip back to Janesville to serve as her witness; or she can forgo voting entirely—an option she finds unacceptable.

14.     Plaintiff ANNA HAAS is a qualified Wisconsin voter currently registered to vote in the City of Brookfield, in Waukesha County. Ms. Haas routinely votes by absentee ballot. She voted by absentee ballot in the November 2016 general election, the November 2018 general election, the November 2022 general election, and the April 2023 spring election. Ms. Haas plans to vote by absentee ballot in future elections. In particular, her work entails long-term travel out of the state, which requires her to vote by absentee ballot when such travel overlaps with an election. And Ms. Haas is engaged to be married to a noncitizen (a British national) and must vote by

absentee ballot whenever her travel overseas to visit his family overlaps with an election. She plans to travel overseas next year, starting in January 2024. The Witness Requirement burdens Ms. Haas's exercise of her right to vote. To ensure that her absentee ballot is accepted and counted, Ms. Haas must identify a U.S. citizen willing to attest to her qualifications and compliance with the statutory absentee balloting procedures, and must then ensure that the witness's information, including an address, is accurately provided on the certificate. When Ms. Haas travels outside the United States to visit her fiancé's family, she does not have reliable access to an adult U.S. citizen able to vouch for her Wisconsin voting eligibility.[1] At home in the United States, Ms. Haas's fiancé is not eligible to serve in that role. And when an election occurs while Ms. Haas is traveling for work, she must identify a U.S. citizen willing to serve as witness and ensure that the witness's information is accurately reflected on the ballot certificate.

15.     Plaintiff ANNA POI is a qualified Wisconsin voter currently registered to vote in the City of Madison, in Dane County. She is enrolled as an undergraduate student at the University of Minnesota-Twin Cities and routinely votes in Wisconsin by absentee ballot. Ms. Poi has voted absentee in the August 2022 primary election, the November 2022 general election, and the April 2023 spring election, and she plans to vote by absentee ballot whenever an election occurs during the academic term. The Witness Requirement burdens Ms. Poi's exercise of her right to vote. To ensure that her absentee ballot is accepted and counted, Ms. Poi must identify a U.S. citizen willing to attest to her qualifications and compliance with the statutory absentee balloting procedures, and must then ensure that the witness's information, including an address, is accurately provided on

---

[1] Ms. Haas will not qualify for the overseas elector exemption from the requirement that the witness be a U.S. citizen because Wis. Stat. § 6.24(1) limits the "overseas elector" category as a whole to electors who do not, at the time of the election in question, qualify as residents of Wisconsin under Wis. Stat. § 6.10. Ms. Haas will continue to qualify as a Wisconsin resident under Wis. Stat. § 6.10(1) when she is traveling overseas.

the certificate. Ms. Poi's usual practice to minimize risk of disenfranchisement is to meet with another University of Minnesota student, who is also a Wisconsin absentee voter, to witness one another's ballots. Ms. Poi believes that this approach creates the least risk that her ballot will be rejected. For instance, by using the same Wisconsin-elector witness each election, Ms. Poi ensures that in the event that she needs to cure her ballot certificate, she is able to locate her original witness to do so. But Ms. Poi's approach requires coordination with the other student each election, which imposes a significant logistical burden.

16.     Plaintiff ANASTASIA FERIN KNIGHT is a qualified Wisconsin voter currently registered to vote in the City of Madison, in Dane County. She is enrolled as a graduate student at the School of the Art Institute of Chicago and routinely votes in Wisconsin by absentee ballot, including in the November 2018 general election, the August 2020 primary election, the November 2020 general election, and the November 2022 general election. Ms. Knight plans to vote by absentee ballot in future elections, including, in particular, the elections that occur during the academic term. But the Witness Requirement burdens Ms. Knight's exercise of her right to vote: Because Ms. Knight lives alone, she must identify a willing U.S. citizen witness and coordinate a meeting at a location where Ms. Knight can fill out her ballot in the presence of the witness—but no one else—in order to vote absentee. And since many of Ms. Knight's acquaintances are, like Ms. Knight herself, graduate students in downtown Chicago, they tend to rely on public transportation, which further increases the logistical complexities Ms. Knight must navigate to cast her ballot.

17.     Defendant WISCONSIN ELECTIONS COMMISSION is the governmental body that administers, implements, and enforces Wisconsin's laws "relating to elections and election campaigns, other than laws relating to campaign financing." Wis. Stat. § 5.05(1).

18.    Defendants DON M. MILLIS, ROBERT F. SPINDELL, MARGE BOSTELMANN, ANN S. JACOBS, MARK L. THOMSEN, and JOSEPH J. CZARNEZKI are the six WEC Commissioners. They are named in their official capacities only. Any action taken by WEC, except an action relating to internal procedure, requires the affirmative vote of at least two-thirds of the Commissioners. Wis. Stat. § 5.05(1e).

19.    Defendant MEAGAN WOLFE is the WEC Administrator. She is named in her official capacity only. The Administrator is charged by law with various specified administration and enforcement duties, *see, e.g.*, Wis. Stat. § 5.05(2m), and with "such duties as the commission assigns to him or her in the administration of [Chapters] 5 to 10 and 12 [of the Wisconsin Statutes]," Wis. Stat. § 5.05(3d).

20.    Defendant MICHELLE LUEDTKE is the City Clerk for the City of Brookfield, Waukesha County. She is named in her official capacity only. The Brookfield Clerk is charged by law with administering or enforcing various Wisconsin elections procedures, including the statutorily prescribed absentee voting procedures. *See* Wis. Stat. § 6.87.

21.    Defendant MARIBETH WITZEL-BEHL is the City Clerk for the City of Madison, Dane County. She is named in her official capacity only. The Madison Clerk is charged by law with administering or enforcing various Wisconsin elections procedures, including the statutorily prescribed absentee voting procedures. *See* Wis. Stat. § 6.87.

22.    Defendant LORENA RAE STOTTLER is the City Clerk for the City of Janesville, Rock County. She is named in her official capacity only. The Janesville Clerk is charged by law with administering or enforcing various Wisconsin elections procedures, including the statutorily prescribed absentee voting procedures. *See* Wis. Stat. § 6.87.

## GENERAL ALLEGATIONS
### Absentee Voting in Wisconsin

23.     Wisconsin law provides, regarding voter qualifications, that "[e]very U.S. citizen age 18 or older who has resided in an election district or ward for 28 consecutive days before any election where the citizen offers to vote is an eligible elector," and that "[a]ny U.S. citizen age 18 or older who moves within this state later than 28 days before an election shall vote at his or her previous ward or election district if the person is otherwise qualified." Wis. Stat. § 6.02(1)–(2); *see* Wis. Const., art. III, § 1; *see also* Wis. Stat. § 6.15 (allowing new residents with less than 28 days' residency to vote for president and vice president only).

24.     Wisconsin law defines the "residence of a person" to be "the place where the person's habitation is fixed, without any present intent to move, and to which, when absent, the person intends to return." Wis. Stat. § 6.10(1).

25.     Wisconsin law provides for absentee voting by qualified voters. *See generally* Wis. Stat. §§ 6.84 *et seq.*

26.     Absentee voting in Wisconsin is "no-excuse": Wisconsin law defines an "absent elector" to be "any otherwise qualified elector who for any reason is unable or unwilling to appear at the polling place in his or her ward or election district," Wis. Stat. § 6.85(1), and permits any absent elector, so defined, to vote by absentee ballot, Wis. Stat. § 6.85(3); *see also* Wis. Stat. § 6.20. Wisconsin further permits any "otherwise qualified elector who changes residence within [Wisconsin] by moving to a different ward or municipality later than 28 days prior to an election" to "vote an absentee ballot in the ward or municipality where he or she was qualified to vote before moving." Wis. Stat. § 6.85(2).

27.     Wisconsin law also provides for absentee voting by military electors serving outside the state or the United States, Wis. Stat. § 6.22, and for overseas electors who lack a U.S.

domicile but whose last domicile prior to departure from the United States was within Wisconsin, Wis. Stat. § 6.24.

28.     Generally, a Wisconsin absentee voter must procure the assistance of a witness to validly complete and return the ballot. Wis. Stat. § 6.87(2), (4)(b)(1) (the "Witness Requirement").

29.     For most voters, the witness must be "an adult U.S. citizen." Wis. Stat. § 6.87(2), (4)(b)(1).

30.     For military electors or overseas electors who lack a current U.S. domicile, the witness "need not be a U.S. citizen but must be 18 years of age or older." Wis. Stat. § 6.87(2), (4)(b)(1); *see also* Wis. Stat. § 6.22(2)(b) ("A military elector shall make and subscribe to the certification under [Wis. Stat. § 6.87(2)] before a witness who is an adult."); Wis. Stat. § 6.24(4)(d) ("The overseas elector shall make and subscribe to the special certificate form before a witness who is an adult.").

31.     An absentee voter votes the absentee ballot as follows: The voter (i) exhibits the ballot "unmarked" to the witness; (ii) marks the ballot and encloses and seals it in the ballot envelope in the presence of the witness but no other person; and (iii) executes the voter attestation on the ballot certificate (which is printed on the reverse side of the ballot envelope). Wis. Stat. § 6.87(2), (4)(b)(1). The voter attestation reads as follows:

> I, ...., certify subject to the penalties of s. 12.60 (1) (b), Wis. Stats., for false statements, that I am a resident of the [.... ward of the] (town) (village) of ...., or of the .... aldermanic district in the city of ...., residing at .... in said city, the county of ...., state of Wisconsin, and am entitled to vote in the (ward) (election district) at the election to be held on ....; that I am not voting at any other location in this election; that I am unable or unwilling to appear at the polling place in the (ward) (election district) on election day or have changed my residence within the state from one ward or election district to another later than 28 days before the election. I certify that I exhibited the enclosed ballot unmarked to the witness, that I then in (his) (her) presence and in the presence of no other person marked the ballot and enclosed and sealed the same in this envelope in such a manner that no one but myself and any person rendering assistance under s. 6.87 (5), Wis. Stats., if I requested assistance,

could know how I voted.

Wis. Stat. § 6.87(2).

32.     After the voter seals the ballot in the envelope and executes the voter attestation,

the witness executes the witness attestation, as follows:

> I, the undersigned witness, subject to the penalties of s. 12.60 (1) (b), Wis. Stats.,
> for false statements, certify that I am an adult U.S. citizen and that the above
> statements are true and the voting procedure was executed as there stated. I am not
> a candidate for any office on the enclosed ballot (except in the case of an incumbent
> municipal clerk). I did not solicit or advise the elector to vote for or against any
> candidate or measure.

Wis. Stat. § 6.87(2). (A footnote in the statute indicates, regarding the citizenship attestation, that

the witness for a military or overseas elector voting absentee "need not be a U.S. citizen but must

be 18 years of age or older.")

33.     The statute setting out the above procedures further provides that if "a municipal

clerk receives an absentee ballot with an improperly completed certificate or with no certificate,

the clerk may return the ballot to the elector, inside the sealed envelope when an envelope is

received, together with a new envelope if necessary, whenever time permits the elector to correct

the defect and return the ballot." Wis. Stat. § 6.87(9).

**The WEC Defendants' Role in Administering the Witness Requirement**

34.     WEC, acting through its Commissioners and Administrator, administers and

enforces the Witness Requirement in at least three specific ways.

35.     First, WEC is required by law to "prescribe uniform instructions for municipalities

to provide to absentee electors." Wis. Stat. § 6.869. WEC's currently prescribed uniform

instructions for by-mail absentee voters, Form EL-128, include the following instructions about

the witness:

## Uniform Instructions for Wisconsin Absentee Voters

Confirm the envelope from your clerk contains your ballot and the envelope you'll use to return your ballot.

**1** Read and follow the instructions on your ballot. Mistakes may prevent your votes from being counted.

**2** You must vote your ballot in the presence of an adult witness:



- Start by showing the witness your unmarked ballot.
- Mark your ballot in the presence of your witness.
- Your witness must confirm that you are the one completing your ballot but, because voting is a private activity, your witness cannot tell you who or what to vote for and cannot see the choices you make on your ballot.

**Who can be a witness?**

- A witness must be a U.S. Citizen who is at least 18 years old.
- For military or overseas voters, your witness must be at least 18 years old but is not required to be a U.S. Citizen.
- A witness can be a friend, spouse, family member, neighbor, etc.

**Who cannot be a witness?**

- A candidate on the ballot for this election.

If you're having trouble finding a witness or have questions about the witness requirement, please contact your municipal clerk or the Wisconsin Elections Commission for assistance. Contact information can be found on the back of this page.

**3** Refold your voted ballot and place it inside of the return envelope.

**4** Seal the envelope in the presence of your witness.

**5** Fill out the required sections of the form on the absentee return envelope.

WEC's uniform instructions for in-person absentee voters (Form EL-128cc), and for UOCAVA voters (Form EL-128u), include similar instructions about witnesses. By preparing and disseminating these uniform instructions, the WEC Defendants administer and enforce the Witness Requirement.

36.     Second, WEC is required by law to prescribe "all official ballot forms necessary under [Chapters 5 to 10 and 12 [of the Wisconsin Statutes]" and to "revise the official ballot forms to harmonize with legislation . . . whenever necessary." Wis. Stat. § 7.08(1)(a). Pursuant to that authority, WEC prescribes a uniform absentee ballot certificate (which doubles as the envelope in which an absentee-by-mail voter returns the ballot). WEC's currently prescribed certificate, Form EL-122, includes the following field for the witness attestation:



By preparing and disseminating the absentee ballot certificate in such form, the WEC Defendants administer and enforce the Witness Requirement.

37.     Third, WEC is required by law to "[p]repare and publish separate from the election laws an election manual written so as to be easily understood by the general public explaining the duties of the election officials, together with notes and references to the statutes as the commission considers advisable." Wis. Stat. § 7.08(3). Pursuant to that duty, WEC prepares and distributes via its website an Election Administration Manual. It most recently updated that Manual in September 2023. *See* Wis. Elections Comm'n, Election Administration Manual (Sept. 14, 2023), https://elections.wi.gov/resources/manuals/election-administration-manual. The Manual provides, in its "General Procedures" for "Absentee Voting," that:

> An absentee ballot is marked by an absent voter, and sealed in an Absentee Ballot Certificate Envelope (EL-122). The Absentee Ballot Certificate Envelope (EL-122) is then completed and signed by the absentee voter, witnessed by an adult U.S.

Citizen, and mailed or delivered in person to the municipal clerk. Wis. Stat.
§ 6.87(4)(b). Note: The witness for absentee ballots completed by Military,
Permanent and Temporary Overseas voters, must be an adult, but does not have to
be a U.S. Citizen.

*Id.* at 98. By preparing and disseminating the Manual, the WEC Defendants administer and enforce

the Witness Requirement.

### The Clerk Defendants' Role in Administering the Witness Requirement

38.    The Brookfield, Madison, and Janesville Clerks (collectively, "the Clerk

Defendants") administer and enforce the Witness Requirement in at least two specific ways.

39.    First, the Clerk Defendants are charged by law with providing absentee ballots and

ballot certificates to absentee voters who submit proper requests. Wis. Stat. §§ 6.87(1)–(2);

7.15(1)(cm). As prescribed by WEC pursuant to Wis. Stat. § 6.87(2), those certificates include the

witness fields and witness attestation. The Clerk Defendants therefore administer and enforce the

Witness Requirement by disseminating the certificate that voters use to comply with the

Requirement to the voters in their respective jurisdictions.

40.    Second, the Clerk Defendants are charged by law with assessing, upon receipt of a

voter's returned absentee ballot and certificate, whether the ballot certificate is "improperly

completed." Wis. Stat. § 6.87(9). This necessarily entails determining whether the certificate

indicates that the voter used a witness at all. The Clerk Defendants thus administer and enforce the

Witness Requirement by evaluating whether voters in their respective jurisdictions complied with

the Requirement.

### The Witness Requirement's Effects on Plaintiffs

41.    By enforcing and administering the Witness Requirement, Defendants have injured

and will continue to injure Wisconsin absentee voters, including all Plaintiffs.

- 14 -

42.     The mere act of complying with the Witness Requirement injures Plaintiffs. The requirement to locate a witness willing to attest to the voter's procedural and substantive qualifications to vote is, in itself, a concrete and particularized burden on Plaintiffs' legally protected right to vote.

43.     The Witness Requirement also injures Plaintiffs by burdening them with a risk of disenfranchisement because of technical and immaterial witness-related errors. In particular, absentee voters face a risk of disenfranchisement from Wisconsin's requirement that an absentee voter provide the witness's "address." Wis. Stat. § 6.87(2). The absentee voting statute further provides that when "a certificate is missing the address of a witness, the ballot may not be counted." Wis. Stat. § 6.87(6d). But it does not define the terms "address" or "missing," or otherwise specify what information a voter must provide to comply with the witness-address requirement. *See* Wis. Stat. § 6.87(2), (4)(b)(1), (6d), (9); *Trump v. Biden*, 2020 WI 91, ¶ 49, 394 Wis. 2d 629, 951 N.W.2d 568 (Hagedorn, J., concurring) ("Although Wis. Stat. § 6.87(6d) requires an address, § 6.87(2) and (6d) are silent on precisely what makes an address sufficient.").

44.     This statutory lacuna has led different Wisconsin municipalities to adopt different and inconsistent standards for absentee ballot witness addresses. For instance, in ongoing state-court litigation, the city clerks of Madison, Racine, and Green Bay have admitted that they each employ different standards for witness addresses and reject noncompliant absentee ballots. *See* Opening Br. ISO Pls.' Mot. for Summ. J. at 6–7, Rise, Inc. v. Wis. Elections Comm'n, No. 2022CV2446 (Cir. Ct. Dane Cnty. Sept. 18, 2023).

45.     Absentee voters, including Plaintiffs, thus face an ongoing threat that they will be disenfranchised because of shifting local interpretations of the Witness Requirement. This threat is not speculative. A fall 2021 Legislative Audit Bureau study of a random sample of 14,710

absentee ballot certificates cast in 29 municipalities found that 1,022 certificates (6.9 percent) had partial witness addresses "including 799 certificates (5.4 percent) that did not have a zip code and 364 certificates (2.5 percent) that did not have a state." Wis. Legis. Audit Bureau, Elections Administration, Rep. No. 21-19 (Oct. 2021). And in ongoing state-court litigation, WEC has admitted that, at a minimum, 2,239 absentee ballots were rejected on certificate grounds during the 2022 general election cycle alone. Defs.' Resp. to Pl.'s Proposed Undisputed Facts ISO Mot. for Summ. J. at 17, League of Women Voters of Wis. v. Wis. Elections Comm'n, No. 2022CV2472 (Cir. Ct. Dane Cnty. Sept. 21, 2023), Doc. 136.

46.     The largest share of absentee ballot rejections occurs in Wisconsin's largest municipalities, which are also the municipalities that have the largest shares of minority voters, recently naturalized voters, and student voters. The burdens of Wisconsin's Witness Requirement thus fall disproportionately on such voters.

47.     Compounding the above injuries, Wisconsin's rules for curing defective absentee ballot certificates are very burdensome. A voter who wishes to cure a defective certificate must locate the original witness and secure their assistance to do so. Wis. Elections Comm'n, Election Administration Manual, *supra,* at 100. The voter must either wait to receive the original ballot, original ballot certificate, and (where applicable) new ballot certificate by mail from the clerk; or must go with the witness in person to the clerk's office or polling location. *Id.* at 99–100. The voter may only cure the ballot certificate before polls close at 8 p.m. on election night; a ballot rejected on certificate grounds at canvass cannot be cured even when the error is technical (a missing witness zip code, for instance) and does not in any way bear on the voter's qualifications. *Id.* at 101. And a voter who has returned an absentee ballot with a defective certificate may not simply elect to vote in person on election day in lieu of curing the certificate. *Id.* at 99.

48.     The rules for curing absentee ballots are also very unsettled. Under a September 2022 state-court order, municipal clerks are no longer permitted to correct defective certificates by adding witness address information themselves, even when the clerks are reasonably able to discern that information from public records. *See White v. Wis. Elections Comm'n*, No. 2022CV1008 (Cir. Ct. Waukesha Cnty. Oct. 3, 2022). And Wisconsin voters' longstanding option to cure a previously returned absentee ballot certificate by having the clerk spoil the ballot entirely—thus allowing the voter to vote a new absentee ballot or vote in person—is being challenged in still-pending state court litigation. *See* Pl.'s Br. ISO Mot. for Summ. J. & Declaratory J., Kormanik v. Wis. Elections Comm'n, No. 2022CV1395 (Cir. Ct. Waukesha Cnty. June 2, 2023), Doc. 132. The circuit court in that case has granted a temporary injunction barring voter-directed ballot spoiling by clerks. Order for Temporary Injunction, Kormanik v. Wis. Elections Comm'n, No. 2022CV1395 (Cir. Ct. Waukesha Cnty. Oct. 10, 2022), Doc. 106.

49.     All in all, Wisconsin's Witness Requirement injures Plaintiffs in several concrete ways. The mere act of complying with the requirement is a substantial burden on Plaintiffs' right to vote. And the requirement to provide specific witness details exposes Plaintiffs to a substantial threat of disenfranchisement based on technical noncompliance with nonmaterial requirements—requirements that, in many cases, vary from municipality to municipality.

**CLAIMS FOR RELIEF**

**COUNT I**
**Voting Rights Act § 201**
**52 U.S.C. § 10501; 42 U.S.C. § 1983; 28 U.S.C. §§ 2201, 2202**

50.   Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth in this paragraph.

51.   Wisconsin's Witness Requirement for absentee voters violates the Voting Rights Act of 1965.

52.   Section 201 of the Voting Rights Act provides that:

(a) No citizen shall be denied, because of his failure to comply with any test or device, the right to vote in any Federal, State, or local election conducted in any State or political subdivision of a State.

(b) As used in this section, the term 'test or device' means any requirement that a person as a prerequisite for voting or registration for voting (1) demonstrate the ability to read, write, understand, or interpret any matter, (2) demonstrate any educational achievement or his knowledge of any particular subject, (3) possess good moral character, or **(4)** *prove his qualifications by the voucher of registered voters or members of any other class.*

52 U.S.C. § 10501 (emphasis added).

53.   Wisconsin's Witness Requirement is a "test or device" because it is a "requirement that a person as a prerequisite for voting . . . prove his [or her] qualifications by the voucher of . . . [a] member[ of a] class." The Witness Requirement is a "prerequisite for voting" because a voter who fails to satisfy the Requirement will have her ballot rejected rather than counted. Wis. Stat. § 6.87(9); *see* Wis. Stat. § 6.87(6d). The Witness Requirement is a requirement to prove "qualification by . . . voucher" because the voter and witness attestations together constitute such a voucher. When a Wisconsin voter executes the absentee voter attestation required by Wis. Stat. § 6.87(2), she attests, among other things, that she is "entitled to vote in the (ward) (election district) at the election to be held on [date]." In other words, the voter attests that she is qualified

- 18 -

under Wisconsin law to vote (i) in the election on the date in question and (ii) in the jurisdiction in question. The witness, in turn, attests "that the above statements"—the statements in the *voter's* attestation—"are true." Wis. Stat. § 6.87(2). The witness's attestation necessarily encompasses the voter's own statement that she is qualified to vote, which is one of the "above statements." And the Witness Requirement is a requirement of a voucher by a member of a class because both "U.S. citizens" and "adults" are classes of persons.

54.     WEC's own statements in other litigation confirm that the witness certification serves as a voucher for the voter's qualifications. The WEC Defendants have taken the position, in ongoing state-court litigation in which they are also defendants, that Wisconsin's Witness Requirement is "material to determining whether the absentee voter in question is qualified to cast that absentee ballot in that election." Combined Br. of Defs. in Opp. to Pl.'s Mot. for Summ. J. and ISO Defs.' Cross-Mot. for Summ. J. at 16, League of Women Voters of Wis. v. Wis. Elections Comm'n, No. 2022CV2472 (Cir. Ct. Dane Cnty. Sept. 21, 2023), Doc. 137.

55.     Because the Witness Requirement is a "test or device" under Section 201, and because a voter's failure to satisfy it results in the voter being denied the right to vote, Wisconsin's Witness Requirement violates Section 201 of the Voting Rights Act.

56.     Accordingly, federal law prohibits enforcement of Wisconsin's absentee voting Witness Requirement, which deprives Plaintiffs of a right secured by the Constitution and laws of the United States.

**COUNT II**
**Alternative Count**
**Civil Rights Act Materiality Provision**
**52 U.S.C. § 10101(a)(2)(B); 42 U.S.C. § 1983; 28 U.S.C. §§ 2201, 2202**

57.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth in this paragraph.

58.     In the alternative, insofar as Wisconsin's Witness Requirement is not an unlawful voucher requirement under the Voting Rights Act, the Witness Requirement instead violates the Civil Rights Act of 1964's materiality provision.

59.     The Civil Rights Act prohibits any person acting under color of law from "deny[ing] the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election." 52 U.S.C. § 10101(a)(2)(B).

60.     The "primary purpose" of the materiality provision is "to address the practice of requiring unnecessary information for voter registration with the intent that such requirements would increase the number of errors or omissions on the application forms, thus providing an excuse to disqualify potential voters." *Common Cause v. Thomsen*, 574 F. Supp. 3d 634, 639 (W.D. Wis. 2021) (quoting *Schwier v. Cox*, 340 F.3d 1284, 1294 (11th Cir. 2003)).

61.     If the Witness Requirement is not a requirement that the witness vouch for the voter's qualifications to vote under Wisconsin law—*i.e.*, is not a voucher requirement in violation of the Voting Rights Act—then it is, by definition, "not material in determining whether [an] individual is qualified under State law to vote." 52 U.S.C. § 10101(a)(2)(b). Instead, it is an unnecessary requirement that substantially increases absentee voters' risk of ballot rejection or disqualification.

62.     Accordingly, insofar as the Voting Rights Act does not prohibit enforcement of Wisconsin's witness requirement for absentee voting, the Civil Rights Act prohibits its enforcement.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

(a)     Declaring that Wisconsin's Witness Requirement for absentee voting violates the Voting Rights Act, or, in the alternative, violates the Civil Rights Act;

(b)     Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the Witness Requirement;

(c)     Enjoining WEC, its Commissioners, and its Administrator from preparing and distributing absentee ballot instructions, certificates, or other forms that include the Witness Requirement;

(d)     Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988(b) and other applicable laws; and

(e)     Granting any such other and further relief as this Court deems just and proper.

Respectfully submitted this 2nd day of October, 2023.

/s/ Diane M. Welsh
Diane M. Welsh
(Wisconsin State Bar No. 1030940)
PINES BACH LLP
122 W. Washington Ave, Suite 900
Madison, WI 53703
Telephone: (608) 251-0101
Facsimile: (608) 251-2883
dwelsh@pinesbach.com

Uzoma N. Nkwonta*
Jacob D. Shelly*
Samuel T. Ward-Packard*
(Wisconsin State Bar No. 1128890)
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4652
unkwonta@elias.law
jshelly@elias.law
swardpackard@elias.law

*Attorneys for Plaintiffs*

*Application for admission forthcoming.