# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

SUSAN LIEBERT; ANNA HAAS; ANNA POI;
and ANASTASIA FERIN KNIGHT,

        Plaintiff,

v.                                                                                   Case No. 2:23-cv-672

WISCONSIN ELECTIONS COMMISSION; DON
M. MILLIS, ROBERT F. SPINDELL, MARGE
BOSTELMANN, ANN S. JACOBS, MARK L.
THOMSEN, and JOSEPH J. CZARNEZKI, in their
official capacities as commissioners of the
Wisconsin Elections Commission; MEAGAN
WOLFE, in her official capacity as administrator of
the Wisconsin Elections Commission; MICHELLE
LUEDTKE, in her official capacity as city clerk for
the City of Brookfield; MARIBETH WITZELBEHL,
in her official capacity as city clerk for the
City of Madison; and LORENA RAE STOTTLER,
in her official capacity as city clerk for the City of
Janesville,

        Defendants.

## DEFENDANTS' ANSWER and AFFIRMATIVE DEFENSES

Defendants, Lorena Rae Stottler, by their attorneys, WIRTH + BAYNARD, submit their

Answer to Plaintiffs Complaint (Dkt. No. 1) as follows:

## NATURE OF THE ACTION

1.      Answering paragraph 1, asserts that this paragraph contains legal conclusions to

which no response is required; to the extent that a response is required, denies information or

knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their

strict proof thereon.

1

2.      Answering paragraph 2, asserts that the allegations in this paragraph are an incomplete legal conclusion to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

3.      Answering paragraph 3, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

4.       Answering paragraph 4, asserts that the allegations in this paragraph are an incomplete legal conclusion to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

5.      Answering paragraph 5, asserts that the allegations in this paragraph are conclusions of law to which no response is required.

6.      Answering paragraph 6, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

7.      Answering paragraph 7, asserts that the allegations in this paragraph are conclusions of law to which no response is required.

## JURISDICTION AND VENUE

8.      Answering paragraph 8, admits upon information and belief.

9.      Answering paragraph 9, asserts that the allegations in this paragraph are conclusions of law to which no response is required.

10.     Answering paragraph 10, admits upon information and belief.

11.     Answering paragraph 11, admits upon information and belief.

12.     Answering paragraph 12, admits upon information and belief.

## PARTIES

13.     Answering paragraph 13, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts plaintiffs to their proof thereon.

14.     Answering paragraph 14, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts plaintiffs to their proof thereon.

15.     Answering paragraph 15, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts plaintiffs to their proof thereon.

16.     Answering paragraph 16, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts plaintiffs to their proof thereon.

17.     Answering paragraph 17, admits, generally, the allegations.

18.     Answering paragraph 18, admits the identifying allegations; as to any purpose the plaintiffs purportedly have in suing, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

19.     Answering paragraph 19, admits the identifying allegations; as to any purpose the plaintiffs purportedly have in suing, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

20.     Answering paragraph 20, admits the identifying allegations; as to any purpose the plaintiffs purportedly have in suing, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

21.     Answering paragraph 21, admits the identifying allegations; as to any purpose the plaintiffs purportedly have in suing, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

22.     Answering paragraph 22, admits the identifying allegations; as to any purpose the plaintiffs purportedly have in suing, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

## GENERAL ALLEGATIONS
### Absentee Voting in Wisconsin

23.     Answering paragraph 23, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

24.     Answering paragraph 24, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

25.     Answering paragraph 25, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

26.     Answering paragraph 26, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

27.     Answering paragraph 27, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

28.     Answering paragraph 28, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

29.     Answering paragraph 29, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

30.     Answering paragraph 30, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

31.     Answering paragraph 31, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

32.     Answering paragraph 32, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or

knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

33.      Answering paragraph 33, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

**The WEC Defendants' Role in Administering the Witness Requirement**

34.      Answering paragraph 34, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

35.      Answering paragraph 35, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

36.      Answering paragraph 36, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

37.      Answering paragraph 37, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

**The Clerk Defendants' Role in Administering the Witness Requirement**

38.     Answering paragraph 38, asserts that the allegations in this paragraph are an incomplete legal conclusion to which no response is required; to the extent that a response is required, admit generally the role of the Clerk Defendants as to the remaining allegations, lack information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

39.     Answering paragraph 39, asserts that the allegations in this paragraph are an incomplete legal conclusion to which no response is required; to the extent that a response is required, admit generally the role of the Clerk Defendants as to the remaining allegations, lack information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

40.     Answering paragraph 40, asserts that the allegations in this paragraph are an incomplete legal conclusion to which no response is required; to the extent that a response is required, admit generally the role of the Clerk Defendants as to the remaining allegations, lack information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

**The Witness Requirement's Effects on Plaintiffs**

41.     Answering paragraph 41, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, as to the identifying allegations, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiff to his strict proof thereon; as to the remaining allegations, denies that conduct or failure of conduct on the part of Defendant Stottler was negligent or illegal and, further, denies that any conduct or failure of conduct on the part of Defendant Stottler  damaged

plaintiffs in any way, and denies responsibility to the plaintiffs for their alleged injuries and damages, if any.

42.     Answering paragraph 42, 41. Answering paragraph 41, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, as to the identifying allegations, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiff to his strict proof thereon; as to the remaining allegations, denies that conduct or failure of conduct on the part of Defendant Stottler was negligent or illegal and, further, denies that any conduct or failure of conduct on the part of Defendant Stottler  damaged plaintiffs in any way, and denies responsibility to the plaintiffs for their alleged injuries and damages, if any.

43.     Answering paragraph 43, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, as to the identifying allegations, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiff to his strict proof thereon; as to the remaining allegations, denies that conduct or failure of conduct on the part of Defendant Stottler was negligent or illegal and, further, denies that any conduct or failure of conduct on the part of Defendant Stottler  damaged plaintiffs in any way, and denies responsibility to the plaintiffs for their alleged injuries and damages, if any.

44.     Answering paragraph 44, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

45.     Answering paragraph 45, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, as to the identifying allegations, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiff to his strict proof thereon; as to the remaining allegations, denies that conduct or failure of conduct on the part of Defendant Stottler was negligent or illegal and, further, denies that any conduct or failure of conduct on the part of Defendant Stottler  damaged plaintiffs in any way, and denies responsibility to the plaintiffs for their alleged injuries and damages, if any.

46.     Answering paragraph 46, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

47.     Answering paragraph 47, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, as to the identifying allegations, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiff to his strict proof thereon; as to the remaining allegations, denies that conduct or failure of conduct on the part of Defendant Stottler was negligent or illegal and, further, denies that any conduct or failure of conduct on the part of Defendant Stottler  damaged plaintiffs in any way, and denies responsibility to the plaintiffs for their alleged injuries and damages, if any.

48.     Answering paragraph 48, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, as to the identifying allegations, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiff to his strict proof thereon; as to the remaining allegations, denies that conduct or failure of conduct on the part of Defendant Stottler was negligent or illegal and,

further, denies that any conduct or failure of conduct on the part of Defendant Stottler  damaged plaintiffs in any way, and denies responsibility to the plaintiffs for their alleged injuries and damages, if any.

49.     Answering paragraph 49, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, as to the identifying allegations, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiff to his strict proof thereon; as to the remaining allegations, denies that conduct or failure of conduct on the part of Defendant Stottler was negligent or illegal and, further, denies that any conduct or failure of conduct on the part of Defendant Stottler  damaged plaintiffs in any way, and denies responsibility to the plaintiffs for their alleged injuries and damages, if any.

**CLAIMS FOR RELIEF**
**COUNT 1**
**Voting Rights Act § 201**
**52 U.S.C. § 10501; 42 U.S.C. § 1983; 28 U.S.C. §§ 2201, 2202**

50.     Answering paragraph 50, Defendant Stottler realle26 and incorporate, as though more fully set forth herein, the responses to paragraphs 1 through 49 of the Complaint.

51.      Answering paragraph 51, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

52.     Answering paragraph 52, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

53.     Answering paragraph 53, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

54.     Answering paragraph 54, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

55.     Answering paragraph 55, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

56.     Answering paragraph 56, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

## COUNT II
### Alternative Count
### Civil Rights Act Materiality Provision
### 52 U.S.C. § 10101(a)(2)(B); 42 U.S.C. § 1983; 28 U.S.C. §§ 2201, 2202

57.     Answering paragraph 57, Defendant Stottler reallege and incorporate, as though more fully set forth herein, the responses to paragraphs 1 through 56 of the Complaint.

58.     Answering paragraph 58, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or

knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

59.     Answering paragraph 59, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

60.     Answering paragraph 60, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

61.     Answering paragraph 61, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

62.     Answering paragraph 62, asserts that this paragraph contains legal conclusions to which no response is required; to the extent that a response is required, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and put the plaintiffs to their strict proof thereon.

## <u>AFFIRMATIVE DEFENSES</u>

1.      The Complaint fails to state a claim upon which relief may be granted as against this responding defendant.

2.      The plaintiffs' claims may be barred by thier failure to exhaust administrative remedies prerequisite to filing a civil action.

3.      To the extent that the plaintiffs seek monetary damages or compensation as against this responding defendant, this responding defendant is protected by immunity from claims, as well as limitations on actions and damages, as provided by Wisconsin statutes and by common law.

4.      Plaintiffs' causes of action may be barred by the expiration of controlling statutes of limitation.

5.      Defendant Stottler, the City of Janesville, its Board, administrative staff, agents' and its elected officials' actions complied with all ordinance, statutory and common law requirements, including the instructions received from the State of Wisconsin, the elements considered, the consideration process, and the decisions rendered.

6.      The plaintiffs' claims may be barred or otherwise limited by their failure to meet the terms and conditions of statutes that control the timeliness and content of notices and claims that must be afforded municipalities before any action may be pursued.

7.      The plaintiffs' claims against this responding defendant may be pre-empted by the Wisconsin Constitution, state law and administrative delegation.

8.      This responding defendant reserves her right to amend this answer and affirmative defenses should additional information warrant it.

WHEREFORE, the defendant, Lorena Stottler demands judgment dismissing the plaintiffs' complaint upon the merits, with prejudice, and with an award against the plaintiff of all allowable costs, attorney's fees, disbursements, and other relief the court deems just.

Dated at Wauwatosa, Wisconsin this 16th  day of October, 2023.

**WIRTH + BAYNARD**
Attorneys for Defendants

BY:     */s/ Jasmyne M. Baynard*
Jasmyne M. Baynard (SBN: 1099898)
Email: jmb@wbattys.com
9898 W. Bluemound Rd. Suite 2
Wauwatosa, WI 53226
P: (414) 291-7979
F. (414) 291-7960