IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SUSAN LIEBERT; ANNA HAAS; ANNA POI; and ANASTASIA FERIN KNIGHT,<br><br>           Plaintiffs,<br><br>  v.<br><br>WISCONSIN ELECTIONS COMMISSION; DON M. MILLIS, ROBERT F. SPINDELL, MARGE BOSTELMANN, ANN S. JACOBS, MARK L. THOMSEN, and CARRIE RIEPL, in their official capacities as commissioners of the Wisconsin Elections Commission; MEAGAN WOLFE, in her official capacity as administrator of the Wisconsin Elections Commission; MICHELLE LUEDTKE, in her official capacity as city clerk for the City of Brookfield; MARIBETH WITZEL-BEHL, in her official capacity as city clerk for the City of Madison; and LORENA RAE STOTTLER, in her official capacity as city clerk for the City of Janesville,<br><br>           Defendants. | Civil Action No. 3:23-cv-00672 |

## JOINT PRELIMINARY PRETRIAL STATEMENT

The Court is scheduled to conduct a telephone scheduling conference on **December 1, 2023, at 2:00 PM CT**. Pursuant to the Court's Standing Order Governing Preliminary Pretrial Conference, the parties in the above-captioned matter conferred on the proposed discovery plan in this case on November 20, 2023, and jointly submit the following Rule 26(f) Joint Statement:

**1.    Nature of the Case**

Plaintiffs—four Wisconsin voters—bring a federal Voting Rights Act claim and an alternative Civil Rights Act claim against Wisconsin's requirement that a voter procure the assistance of an adult U.S. citizen witness to cast a valid absentee ballot. *See* Compl. for

1

Declaratory & Injunctive Relief, ECF No. 1 (challenging Wis. Stat. § 6.87(2), (4)(b)(1), and (6d)) (the "Witness Requirement"). Defendants are the Wisconsin Elections Commission and its commissioners and administrator in their official capacities (the "Commission Defendants"), as well the municipal clerks for the Cities of Brookfield, Madison, and Janesville (the municipalities where Plaintiffs are registered to vote) in their official capacities (the "Clerk Defendants").

Plaintiffs allege that the Witness Requirement mandates that absentee voters prove qualifications by voucher of a member of a class and therefore violates the test-or-device prohibition of Section 201 of the Voting Rights Act. *See* 52 U.S.C. § 10501. In the alternative, Plaintiffs allege that if the Witness Requirement is not a voucher requirement, then it is necessarily not material to determining whether a voter is qualified to vote, and thus violates the Materiality Provision of the Civil Rights Act. *See* 52 U.S.C. § 10101(a)(2)(B).

The Clerk Defendants take no stance on Plaintiffs' challenge to the legality of the Witness Requirement.

**2.     Names of Any Related Cases**

*League of Women Voters of Wis. v. Wis. Elections Comm'n*, No. 22-CV-2472 (Cir. Ct. Dane Cnty.); *Rise, Inc. v. Wis Elections Comm'n*, No. 22-CV-2446 (Cir. Ct. Dane Cnty.).[1]

**3.     Issues to be Resolved at Trial or on Summary Judgment**

Commission Defendants dispute certain allegations in Plaintiffs' Complaint, specifically:

---

[1] Plaintiffs' position is that neither case presents the same factual or legal issues as the instant case. However, out of an abundance of caution, *League of Women Voters of Wisconsin v. Wisconsin Elections Commission* is included because the plaintiffs there also assert a Materiality Provision claim that involves some aspects of the witness certification; and *Rise, Inc. v. Wisconsin Elections Commission* was consolidated with the *League* case.

1) Whether the Witness Requirement violates Section 201 of the Voting Rights Act, including:

   a) Whether the Witness Requirement compels absentee voters in Wisconsin to procure a witness in order to cast an absentee ballot.

   b) Whether the required witness must be a member of a class.

   c) Whether the certification on the absentee ballot envelope requires the witness to attest or confirm the voter's qualifications.

2) Whether, in the alternative, the Witness Requirement violates the Materiality Provision of the Civil Rights Act, including:

   a) Whether an incomplete or missing witness certificate is an error or omission on a paper relating to an act requisite to voting.

   b) Whether the witness certificate is immaterial to the determination of an individual's qualifications to vote in an election under Wisconsin law.

Commission Defendants also raise jurisdictional defenses under the Eleventh Amendment, presenting the following additional issues:

3) Whether Congress abrogated Wisconsin's Eleventh Amendment immunity through the Voting Rights Act.

4) Whether individual Commission Defendants are subject to prospective injunctive suit under *Ex parte Young*.

**4.    Commission Defendants' Position on the Issues**

Commission Defendants assert that Plaintiffs' Complaint raises the following substantive issues:

1) Whether the Witness Requirement violates Section 201 of the Voting Rights Act, including:

3

      a) Whether Wis. Stat. § 6.87(2) requires a witness to prove the voter's qualifications by voucher.

      b) Whether the witness must be a member of a class within the meaning of Section 201.

2) Whether, in the alternative, the Witness Requirement violates the Materiality Provision of the Civil Rights Act, including:

      a) Whether a voter's failure to comply with Wis. Stat. § 6.87(2)'s witness requirement is an error or omission on a paper relating to an act requisite to voting.

      b) Whether compliance with Wis. Stat. § 6.87's witness requirement is immaterial to the determining whether an individual is qualified to vote in the election under Wisconsin law.

**5.   Stipulated Facts**

The parties are continuing to negotiate stipulated facts and will inform the Court once they reach full agreement.

**6.   Discovery and Case Management Plan**

<u>Disclosure Requirements</u>: Initial disclosures shall be made as required by the provisions of Rule 26(a)(1), except that the parties agree that initial disclosures shall be due by December 11, 2023. The parties do not expect to use expert testimony or evidence, disclosure of which is governed by Rule 26(a)(2). Pretrial disclosures shall be made as required by the provisions of Rule 26(a)(3).

<u>Scope of Discovery</u>: The parties will continue to seek agreement on additional stipulated facts, which may minimize or eliminate the need for discovery. To the extent the parties are unable

to reach agreement on all material facts, the parties anticipate the scope of discovery will be limited to requests for admissions, interrogatories, and limited depositions relating to:

1) The parties' interpretations of the Witness Requirement;

2) Communications or guidance interpretating the Witness Requirement, including how the witness certificate should be completed, its meaning, and its purpose;

3) Enforcement of the Witness Requirement;

4) The use of the witness certificate in the voting process;

5) Data on absentee ballot rejections for witness certificate-related defects;

6) Cure procedures for witness certificate-related defects;

7) The qualifications to vote under Wisconsin law, and the process for determining whether voters possess the requisite qualifications.

Completion of Discovery: Discovery shall be completed by **January 31, 2024**.

Issues Regarding Privilege or Work Product: The parties are not currently aware of, nor do they anticipate, any issues regarding privilege or attorney work product. The parties agree that, if such issues arise, they will meet and confer prior to bringing any motions to compel and anticipate that an agreement can be reached among counsel.

Summary Judgment Motions: To the extent this case is not resolved by Commission Defendants' pending motion to dismiss, the parties anticipate that this case may be resolved on cross-motions for summary judgment, and propose the following schedule:

- Motions for summary judgment and supporting briefs due by **February 7, 2024**.
- Response briefs due by **February 28, 2024**.
- Reply briefs due by **March 13, 2024**.

The parties further reserve the right to seek modification of these deadlines and complete summary judgment briefing on an earlier schedule if ongoing negotiations over factual stipulations obviate the need for further discovery.

Trial Date: If it becomes apparent that a bench trial is necessary, the parties propose that it be scheduled in or around May 2024.

**7. Issues Relating to Disclosure or Discovery of Electronically Stored Information**

Electronic Service: The parties have agreed to receive service by email to the email addresses contained on the parties' pleadings, and that failure to receive a bounce-back message constitutes effective service.

File Format: The parties propose that electronically stored information ("ESI") be produced in PDF format or in the native file format. For good cause shown, the Court may order specific items of ESI to be produced in another format used in the usual course of business, or in any other form. The parties do not anticipate such issues but if it becomes apparent that electronic discovery issues may exist, the parties anticipate that an agreement can be reached among counsel.

**8. Additional Matters**

Whether Parties Will Be Joined or Pleadings Will Be Amended: Notwithstanding the pending motions to intervene, which have been opposed by Plaintiffs and Commission Defendants, the parties do not anticipate joinder of parties or amendments to the pleadings at this time.

Estimated Trial Length: The parties recommend that the Court consider any filed motions as this matter proceeds and that the parties incorporate the Court's determination in planning for any trial. If it becomes apparent that a bench trial is necessary, the parties anticipate that no more than three (3) days would be necessary.

Respectfully submitted this 28th day of November, 2023.

| | |
|---|---|
| Diane M. Welsh<br>(Wisconsin State Bar No. 1030940)<br>PINES BACH LLP<br>122 W. Washington Ave, Suite 900<br>Madison, WI 53703<br>Telephone: (608) 251-0101<br>Facsimile: (608) 251-2883<br>dwelsh@pinesbach.com | */s/ Uzoma N. Nkwonta*<br>Uzoma N. Nkwonta<br>Jacob D. Shelly<br>Omeed Alerasool<br>Samuel T. Ward-Packard<br>(Wisconsin State Bar No. 1128890)<br>ELIAS LAW GROUP LLP<br>250 Massachusetts Ave. NW, Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4652<br>unkwonta@elias.law<br>jshelly@elias.law<br>oalerasool@elias.law<br>swardpackard@elias.law<br><br>*Attorneys for Plaintiffs* |

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

*/s/ Charlotte Gibson*
CHARLOTTE GIBSON
Assistant Attorney General
State Bar #1038845

KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452

*Attorneys for Commission Defendants*

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 957-5218 (CJG)
(608) 264-6365 (KZK)
(608) 266-1792 (SCK)
(608) 294-2907 (Fax)

7

CITY OF BROOKFIELD
Jenna Merten, City Attorney

BY: */s/ Jenna Merten*
Jenna Merten (SBN: 1051848)
City of Brookfield
2000 North Calhoun Road
Brookfield, WI 53005
P: 262-787-3634
F: 262-796-6671
Email: merten@ci.brookfield.wi.us

*Attorney for Clerk Defendant Michelle Luedtke*


WIRTH + BAYNARD
*/s/ Jasmyne M. Baynard*
Jasmyne M. Baynard (WI State Bar No. 1099898)
9898 West Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979 / F: (414) 291-7960

*Attorney for Clerk Defendant Lorena Rea Stottler*


*/s/ Amber R. McReynolds*
Amber R. McReynolds
Assistant City Attorney
(State Bar #1083179)

City of Madison Attorney's Office
210 Martin Luther King, Jr. Blvd. Room 401
Madison, WI 53703
(608) 266-4511
(608) 267-8715 (fax)
amcreynolds@cityofmadison.com

*Attorney for Clerk Defendant Maribeth Witzel-Behl*