IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUSAN LIEBERT, ANNA HAAS, ANNA POI, and
ANASTASIA FERIN KNIGHT,

                Plaintiffs,

  v.

WISCONSIN ELECTIONS COMMISSION,          OPINION and ORDER
DON M. MILLIS, ROBERT F. SPINDELL,
MARGE BOSTELMANN, ANN S. JACOBS,            23-cv-672-jdp
MARK L. THOMSEN, OSEPH J. CZARNEZKI,
MEAGAN WOLFE, MICHELLE LUEDTKE,
MARIBETH WITZEL-BEHL, and LORENA RAE
STOTTLER,

                Defendants.

---

Plaintiffs are Wisconsin voters who are challenging a state law that requires a witness for absentee ballots, Wis. Stat. § 6.87, contending that the law violates both the Voting Rights Act and the Civil Rights Act. Three motions are before the court: (1) a motion to intervene from the Wisconsin Legislature, Dkt. 28; (2) a motion to intervene from the Republican National Committee and the Republican Party of Wisconsin, Dkt. 9; and (3) a motion to file an amicus curiae brief by an organization called Restoring Integrity and Trust in Elections, Dkt. 31.

The motion to file an amicus brief is unopposed, so the court will grant the motion. As for the motions to intervene, the court will grant the legislature's motion but deny the Republicans' motion, for the reasons explained below.

ANALYSIS

Both the legislature and the Republicans move to intervene as of right under Rule 24(a)(2) and permissively under Rule 24(b). Intervention as of right has four requirements: (1) timeliness; (2) the movant has an interest in the lawsuit's subject matter; (3) the movant's interest could be impaired by the lawsuit; and (4) the existing parties are not adequate representatives of the movant's interests. *State v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019). Permissive intervention is appropriate if the motion is timely, the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact," and granting intervention would not unduly prejudice the existing parties. Fed. R. Civ. P. 24(b). The court will first consider the legislature's motion and then the Republicans' motion.

A. **Legislature's motion to intervene**

Three of the four requirements for intervention as of right do not require extended discussion: the motion to intervene is timely because the legislature filed it shortly after plaintiffs filed the lawsuit, the Supreme Court has recognized that legislatures have an interest for the purpose of Rule 24(a)(2) in preserving the laws they enact, *see Berger v. North Carolina State Conference of the NAACP*, 142 S. Ct. 2191, 2201 (2022), and that interest would be impaired if this court invalidated all or part of Wisconsin's witness requirement.

This leaves the question whether the Wisconsin Election Commission and the individual commissioners—who are represented by the Attorney General's office—can adequately represent the legislature's interests. In arguing that the Attorney General's office does not represent the legislature's interests, the legislature relies primarily on Wis. Stat. § 803.09(2m), which allows the legislature to intervene in any case in which "a party to an action challenges in state or federal court the constitutionality of a statute, facially or as

2

Case: 3:23-cv-00672-jdp   Document #: 47   Filed: 12/05/23   Page 3 of 7

applied, challenges a statute as violating or preempted by federal law, or otherwise challenges the construction or validity of a statute." Case law points in different directions regarding how much weight the court should give § 803.09(2m).

In *Planned Parenthood of Wisconsin, Inc. v. Kaul,* the Court of Appeals for the Seventh Circuit held that, despite § 803.09(2m), the Wisconsin Legislature does not have the right to intervene when the Wisconsin Attorney General's office is already involved and both entities share the same goal, unless the legislature overcomes a presumption of adequacy with evidence that the Attorney General's office is acting negligently or in bad faith. 942 F.3d 793, 801–02 (7th Cir. 2019). The court reasoned that it could create an "intractable mess" for the state to be represented by multiple entities in the same case. *Id.* at 801.

But in *Berger v. North Carolina State Conference of the NAACP*, the Supreme Court held that it was inappropriate for a court to apply a presumption of adequacy when determining whether one state entity can adequately represent another state entity, at least when state law "duly authorize[s]" both entities to represent the state in the same case. 142 S. Ct. 2191, 2204–05 (2022). The Court cited *Planned Parenthood* as an example of a case that had applied such a presumption, *id.*, so it appears that the bad faith/negligence standard set forth in *Planned Parenthood* is no longer controlling.

*Berger* is not dispositive because the Court did not set forth its own standard for determining whether one state entity adequately represents the interests of another state entity when state law authorizes both to represent the state. Rather, the Court held only that a presumption of adequacy was improper and that the state attorney general's representation was not adequate to represent two state legislative leaders because the state attorney general's office was primarily concerned with clarifying the law rather than preserving it, the existing

3

defendants had expressed reservations about the validity of the challenged law, and the state attorney general's office had been relatively lax in defending the law. *Id.* at 2205. In this case, the legislature does not rely on similar factors to show that the attorney general office's representation is inadequate. Rather, the legislature relies primarily on the fact that it wishes to assert different arguments from the attorney general's office.

*Berger* did not say whether different legal arguments were enough to show inadequacy when no presumption is applied. The parties have not cited Seventh Circuit authority that clearly answers the question either. In *Driftless Area Land Conservancy v. Huebsch*, the court pointed to "different defenses" as one reason why a state agency was not an adequate representative of a private party, but the court also noted differences in how fast the proposed intervenor wanted to litigate the case. 969 F.3d 742, 749 (7th Cir. 2020). In *Bost v. Illinois State Board of Elections*, the court stated in a footnote that "one potential difference" in the arguments raised by existing parties and a proposed intervenor "might be enough to meet the lenient default standard" for showing inadequate representation. 75 F.4th 682, 690 n.6 (7th Cir. 2023). But the court did not decide the question because the proposed intervenor waived the issue by failing to raise it until oral argument. *Id.*

These cases provide some support for allowing the legislature to intervene as of right. The legislature identifies several issues it wishes to raise that the other defendants have not raised, including a contention that the court should dismiss or stay the case in light of parallel proceedings in state court. Dkt. 28-3. So the different issues raised by the legislature implicate both the merits and the timing of litigation, just as in *Driftless*.

Even if the legislature doesn't have the right to intervene under Rule 24(a)(2), the court concludes that permissive intervention is appropriate under Rule 24(b). Whether to allow

permissive intervention is a "wholly discretionary" determination. S*okaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). It makes sense to allow the legislature to participate in the litigation in light of the significant differences between the legislature's and other defendants' arguments. At this point, the court is not persuaded that the other parties will be unfairly prejudiced by the legislature's presence in the lawsuit. The court expects the legislature to cooperate with the existing parties and abide by the scheduling order.

**B.  Republicans' motion to intervene**

Again, the court begins with intervention as of right under Rule 24(a)(2). The Republicans assert two interests: "maintain[ing] the integrity of the election process" and preventing voter confusion as a result of changes in the law. The first asserted interest is not a "direct, significant and legally protectable interest." *Bost*, 75 F.4th at 686. Rather, it is an "abstract" and "general interest common to all members of the public." *Gill v. Whitford*, 138 S. Ct. 1916, 1931 (2018). As for the asserted interest in preventing confusion of Republican voters, the Republicans have not shown that the interest will be impaired by this lawsuit. They say that they will need to expend additional resources to educate Republican voters if the witness requirement is invalidated, but they point to no evidence either that they have ever engaged in the type of voter education they describe or that such education will be needed if plaintiffs prevail.

The Republicans rely on *Bost*, in which the Democratic Party moved to intervene to oppose a lawsuit challenging state laws that allowed mail-in ballots to be counted if they are received within two weeks of Election Day. 75 F.4th at 685. One of the party's asserted interests was that it would need to expend resources to educate Democratic voters on the earlier deadline if the law was changed, and the court concluded that such an interest was sufficient

5

to satisfy Rule 24(a)(2). *Id.* at 687. But *Bost* is distinguishable because the plaintiffs in this case are seeking to *eliminate* a requirement, not add one. The Republicans identify no education that is needed regarding a requirement that no longer exists, so that voting absentee becomes easier, not harder.

In any event, the Republicans have not shown that the combined efforts of the attorney general's office and the legislature may be inadequate to represent their interests under even the most lenient standard. The Republicans say that the commission is an inadequate representative because it is "a bipartisan organization," Dkt. 9, at 12, but they don't explain why that matters. The interests the Republicans identify do not affect Republicans more than any other party. The Republicans also say that the commission has expressed concerns about absentee-voting requirements being "complex," which suggests the commission does not support them. Dkt. 9, at 12 (citing Wisconsin Elections Commission, Absentee Voting Report (May 15, 2020), https://perma.cc/D4ZA-HHLA). The Republicans point to no evidence in this lawsuit that the commission will not defend § 6.87. Regardless, both of the Republicans' concerns are addressed by granting the legislature's motion to intervene. Republicans have a large majority in both houses of the legislature, and the legislature has demonstrated its desire to mount a full defense of the state law.

The court will not grant permissive intervention either. The existing parties represent a full range of interests that may be implicated in this case. In their opening brief, the Republicans identify no unique arguments they wish to raise.[1] So adding the Republicans as a

---

[1] In their reply brief, the Republicans identify four arguments not being asserted by the commission that they wish to raise. Dkt. 36, at 10. Most of those other arguments are being asserted by the legislature. In any event, arguments raised for the first time in a reply brief are forfeited. *Grashoff v. Adams*, 65 F.4th 910, 917 (7th Cir. 2023).

6

party would create more complexity in the case without any benefit. *See Berger,* 142 S. Ct. at 2205 ("[A] proliferation of motions to intervene may be a cause for caution. At some point, too, it may be that the interests of existing parties will come to overlap fully with the interests of any remaining proposed intervenor.").

ORDER

IT IS ORDERED that:

1. The motion to intervene filed by the Wisconsin Legislature, Dkt. 28, is GRANTED. The legislature is directed to promptly file its answer, motion to dismiss or stay, and brief in support of its motion to dismiss or stay as separate docket entries.

2. The motion to intervene filed by the Republican National Committee and the Republican Party of Wisconsin, Dkt. 9, is DENIED.

3. The motion to file an amicus curiae brief filed by Restoring Integrity and Trust in Elections, Dkt. 31, is GRANTED.

4. Any party who wishes to respond to the Wisconsin Legislature's motion to dismiss or stay or the amicus brief may have until December 18 to do so. Replies are due December 22.

Entered December 5, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge